UNITED STATES DISTRICT COURT
Southern District of Florida

CASE NO.:

ALL TERRAIN LANDSCAPING, LLC,
a Florida Limited Liability Corporation,

        Plaintiff,

vs.

**COMPLAINT FOR DAMAGES**

CITY OF PARKLAND, a Florida Municipality, MICHAEL UDINE, JARED E. MOSKOWITZ, DAVE ROSENOF, JAY D. SMITH, MARK WEISSMAN, as City Commissioners of the City of Parkland,

        Defendant.
_____/

The Plaintiff, ALL TERRAIN LANDSCAPING, LLC, a Florida Limited Liability Corporation, sues Defendants, CITY OF PARKLAND, a Florida Municipality, MICHAEL UDINE, JARED E. MOSKOWITZ, DAVE ROSENOF, JAY D. SMITH, MARK WEISSMAN, as City Commissioners of the City of Parkland and alleges:

    1.    This is an action for DAMAGES IN EXCESS OF $15,000.00.

    2.    The corporate Plaintiff is a Florida corporation doing business in the City of Parkland performing lawn maintenance service. The principals of the plaintiff corporation are Mike Squillace and Don Squillace.

1

3. At all times material hereto, Mike Squillace was a resident of the City of Parkland.

4. The Defendant, CITY OF PARKLAND, is a municipality where the Plaintiff has operated their business.

5. That at all times material hereto, the individual Defendants were City Commissioners for the City of Parkland.

6. This action is brought under 42 United States Code Section 1983.

## DENIAL OF EQUAL PROTECTION UNDER THE LAW

7. That on or about November 2006 the Defendants enacted certain ordinance(s) Ordinance 2006-25 designed to prohibit residents who reside in an area of the City known as the Ranches from operating lawn maintenance businesses from their residence, a copy of the Ordinance is attached.

8. That MIKE SQUILLACE, a resident of the Ranches and a principal of ALL TERRAIN LANDSCAPING, LLC, has been operating a lawn maintenance service from his residence through his corporation ALL TERRAIN LANDSCAPING, LLC since at least 1995.

9. That at no time prior to the enactment of Ordinance 2006-25 did the Defendants seek to prohibit Plaintiff's lawn maintenance service or cite any violation for operation of said business.

10. That in January 2007, the City of Parkland, by and through its authorized representatives, advised Plaintiff that its lawn maintenance service business must cease and desist or face being cited on a continuing basis for code violations, including, but not limited to, Ordinance 2006-25.

11. That as a result of the actions of the City of Parkland and the individual Defendant City Commissioners, Plaintiff had to cease its lawn maintenance service business at substantial loss of profit.

12. That in fact, Defendants have singled out Plaintiff for code enforcement while allowing approximately nine (9) other similar lawn maintenance service companies, of whose operation Defendants were aware, to continue to operate either by not citing them for violations, by making agreements to defer enforcement and/or waiving any penalty for previous violations.

13. That the above selective enforcement of these ordinances are based on an unjustifiable, arbitrary and capricious classification to wit: Plaintiff's principal, Mike Squillace and others who have had litigation or other serious disputes with the City of Parkland.

14. That the Defendants' actions constitute a denial of Plaintiff's right to equal protection under the law and are in violation of 42 U.S.C. 1983.

15. That Defendants have deliberately, unjustifiably and arbitrarily placed Plaintiff in a distinct class of lawn maintenance service companies as retaliation for Plaintiff's principal's assistance in a criminal investigation concerning officials and employees of the Defendant, City of Parkland, as well as Plaintiff's principal's strong opposition to Defendants' effort to restrict agriculture operation within the city limits of Parkland.

16. Defendants actions are part of an ongoing City policy to cause injury to Plaintiff's property interests and has been sanctioned by the City Manager, Mayor and other individual City Commissioners who are the Defendant, City of Parkland's policy makers with ultimate authority in this subject area of government business.

17. That as a direct result of Defendants' action, Plaintiff has been made to suffer damages in excess of $50,000.00 loss of profit for the inability to operate the lawn maintenance business as set forth above.

**WHEREFORE** Plaintiff demands a trial by jury and judgment for damages against Defendants in an amount in excess of $50,000.00.

STAN L. RISKIN, P.A.
Attorney for Plaintiff
950 S. Pine Island Road, Suite A-200
Plantation, Florida 33324
Tel: 954-727-8271
Fax: 954-727-8274

By: _____
STAN L. RISKIN
Florida Bar No. 129106