UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-62106-CIV-MARTINEZ/BROWN

ALL TERRAIN LANDSCAPING, LLC,
a Florida Limited Liability Corporation,

        Plaintiff,

v.

CITY OF PARKLAND, a Florida Municipality,
and MICHAEL UDINE, JARED E. MOSKOWITZ,
DAVE ROSENOF, JAY D. SMITH, and
MARK WEISSMAN, as City Commissioners
of the City of Parkland

        Defendant.
_____/

## ANSWER TO COMPLAINT

Defendant, CITY OF PARKLAND, (Herein: "Defendant") by and through its undersigned counsel answers the Complaint of Plaintiff as follows:

1. Admitted for jurisdictional purposes, otherwise denied.

2. The Defendant, City of Parkland is without knowledge and therefore denies paragraph 2 of Plaintiff's Complaint.

3. The Defendant, City of Parkland is without knowledge and therefore denies paragraph 3 of Plaintiff's Complaint.

4. The Defendant, City of Parkland is without knowledge and therefore denies paragraph 4 of Plaintiff's Complaint.

5. Admitted that the individual named defendants are existing City Commissioners for the City of Parkland. The Defendant, City of Parkland is without knowledge as to what times are

material hereto therefore denied.

6. Admitted that this action purports to be brought under 42 US 1983.

## DENIAL OF EQUAL PROTECTION UNDER THE LAW

7. Denied.

8. The Defendant, City of Parkland is without knowledge and therefore denies paragraph 8 of Plaintiff's Complaint.

9. The Defendant, City of Parkland is without knowledge and therefore denies paragraph 9 of Plaintiff's Complaint.

10. The Defendant, City of Parkland is without knowledge and therefore denies paragraph 10 of Plaintiff's Complaint.

11. The Defendant, City of Parkland is without knowledge and therefore denies paragraph 11 of Plaintiff's Complaint.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. The Defendant, City of Parkland is without knowledge and therefore denies paragraph 17 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

18. Defendant affirmatively alleges that it is protected and immune from litigation, including discovery and trial by the Doctrine of Qualified Immunity for the acts alleged in Plaintiff's

Complaint which were discretionary acts which did not violate clearly established Federal law.

19. Alternatively, Defendant affirmatively alleges that if a judgment is entered against the Defendant in this action, it is entitled to a set-off for any recovery that the Plaintiff receives from collateral source for injuries alleged to have occurred as a result of the incident giving rise to this action.

20. Alternatively, Defendant affirmatively alleges that the acts alleged in this complaint did not occur pursuant to a custom or policy of Defendant.

21. Alternatively, Defendant affirmatively alleges Defendant's alleged classification of Plaintiff is rational and is neither arbitrary nor capricious.

22. Alternatively, Defendant affirmatively alleges Defendant enforces Ordinance 2006-25 uniformly on all those similarly situated.

23. Alternatively, Defendant affirmatively alleges that the acts alleged in this complaint were not perpetrated by Defendant's ultimate decision makers.

24. Alternatively, Defendant affirmatively alleges that Plaintiff's complaint fails to state a cause of action against this Defendant.

25. Alternatively, Defendant affirmatively alleges that Defendant is immune from suit under the doctrine of sovereign immunity.

26. Alternatively, Defendant affirmatively alleges that Plaintiff's claim is barred by the statute of limitations.

27. Alternatively, Defendant affirmatively alleges that Defendant is entitled to attorney's fees and costs under 42 U.S.C. 1988.

28. This Defendant affirmatively states its intention to raise and rely on other such

affirmative defenses if and when they become known to this Defendant.

WHEREFORE, the Defendant respectfully requests this Court to enter an Order dismissing Plaintiff's Complaint with prejudice, and awarding Defendant attorney's fees and costs and such other relief as this Court deems proper and further requests trial by jury.

Respectfully submitted,

_____
LYMAN H. REYNOLDS, JR.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been furnished via U.S. Mail OR Electronic filing to Stan L. Riskin, Esq., Stan L. Riskin, P.A., 950 S. Pine Island Rd., Suite A-150, Plantation, FL 33324 this 6 day of December, 2010.

ROBERTS, REYNOLDS, BEDARD & TUZZIO, P.A.
470 Columbia Drive, Bldg. C101
West Palm Beach, FL 33409
Phone: 561-688-6560
Fax: 561-688-2343
Attorneys for Defendant

_____
LYMAN H. REYNOLDS, JR.
Florida Bar No: 380687

STYLE:          ALL TERRAIN LANDSCAPING V. CITY OF PARKLAND, ET AL.
CASE NO.:       10-62106-CIV-MARTINEZ/BROWN
OUR FILE NO.:   10-346

## COUNSEL LIST

STAN L. RISKIN, ESQ.
Stan L. Riskin, P.A.
950 S. Pine Island Rd.
Suite A-150
Plantation, FL 33324
Counsel for Plaintiff
PHONE: 954-727-8271
FAX: 954-727-8274
EMAIL:
FBN: 129106

LYMAN H. REYNOLDS, JR., ESQ.
Roberts, Reynolds, Bedard & Tuzzio, P.A.
470 Columbia Dr., Bldg. C101
West Palm Beach, Florida  33409
Counsel for Defendant
PHONE: 561-688-6560
FAX: 561-688-2343
EMAIL: lreynolds@rrbpa.com
FBN: 380687